UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELINDA RIOS,

     Plaintiff,

v.                                                               Case No. 8:25-cv-1641-KKM-NHA

MANATEE COUNTY BOARD OF
COUNTY COMMISSIONERS,

     Defendant.

_____

## ORDER

Pro se plaintiff Melinda Rios moves for relief from judgment under Federal Rule of Civil Procedure 60(b). Mot. for Relief (Doc. 27). On June 24, 2025, Rios filed her initial complaint in this action, which I dismissed as an improper shotgun pleading. *See* Compl. (Doc. 1); (Doc. 2). The order dismissing the complaint gave Rios until July 10, 2025, to file an amended complaint and to pay the filing fee or move to proceed in forma pauperis. *See* (Doc. 2). Rios did neither and I dismissed her action for the first time on July 11, 2025. (Doc. 3). On July 15, 2025, Rios filed an amended complaint, which I construed as a motion for relief under Rule 60(b). *See* Am. Compl. (Doc. 5); (Doc. 12). I ordered the judgment vacated and the case reopened. (Doc. 12).

Rios then moved to proceed in forma pauperis and to amend her complaint. *See* (Docs. 13, 14). Rios also requested, and received, multiple

1

extensions of time. *See* (Docs. 16, 17, 18, 19). The final extension gave Rios through October 21, 2025, to file her second amended complaint. *See* (Doc. 19). In the order granting the extension, the Magistrate Judge warned that, "[g]iven the amount of time Plaintiff has had to amend her complaint, the Court will not grant further extensions absent extraordinary circumstances and will strictly enforce the October 21, 2025 deadline." *Id.*

Rios filed her second amended complaint on October 22, 2025. 2d Am. Compl. (Doc. 21). At the same time, she also filed a motion to accept the untimely complaint. Mot. to Accept (Doc. 20). In the motion, Rios argued that she was unable to timely file "due to circumstances beyond her control." *Id.* at 1. She identified "stress and logistical hardship" from caring for her elderly mother, the "emotionally taxing" search for legal representation, "fear and anxiety about traveling to the Tampa courthouse due to concerns about immigration enforcement," and the fact that she was "unaware that the Clerk's Office closed at 5:00 PM on October 21, 2025." *Id.*

On October 24, 2025, I denied the motion because none of her reasons were extraordinary circumstances that would excuse her inability to timely file. *See* (Doc. 23). Because of her "failure to comply with the Court's orders and her lack of diligence in prosecution of her claims," I dismissed Rios's case without prejudice and directed the clerk to enter judgment, which the clerk did that same day. *See id.*; (Doc. 24).

On December 9, 2025, Rios moved for an extension of time to file her notice of appeal, claiming that she had "deliberate[ly]" not timely appealed because she did not want to divest me of jurisdiction to adjudicate this motion for relief from judgment, which she also filed that same day. *See* Mot. for Extension of Time (Doc. 26) at 2; Mot. for Relief. I denied the motion for an extension of time because "Federal Rule of Appellate Procedure 4, which Rios repeatedly referenced in the motion, states that filing a Rule 60(b) motion within the time allowed for filing a motion under Federal Rule of Civil Procedure 59 will toll the deadline to file a notice of appeal until after adjudication of the Rule 60(b) motion." (Doc. 29). Thus, had Rios diligently researched her post-judgment options, as she intimated in her motion for an extension of time, and prepared her Rule 60(b) motion, then she would have had no reason to seek an extension of time. *See* Mot. for Extension of Time at 2–3.

Rios moves under Rule 60(b)(1), (2), (3), and (6). Mot. for Relief at 1. Rule 60(b)(1) allows a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(2) provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). Under Rule 60(b)(3), a court may provide relief due to "fraud (whether previously called intrinsic or

3

extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). "To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (citation modified). "Additionally, the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Id.* (citation modified). Lastly, Rule 60(b)(6) is a catchall provision for relief based on "any other reason that justifies" it. FED. R. CIV. P. 60(b)(6). "It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Rios makes several arguments for vacating the judgment: the requirement that she file paper copies created a "procedural barrier"; "predatory financial threats" consumed her time; the defendant concealed evidence from her; she now has newly discovered evidence because the defendant's concealment ended; and her caregiving duties for her mother "created extraordinary hardship." *See* Mot. for Relief at 2–11, 13–19.

The requirement that Rios file paper copies does not provide grounds for relief under any of Rule 60(b)'s subsections. Although Rios may live far from the courthouse, *see id.* at 7, she was able to mail her filings if she wanted.

Countless pro se litigants, including some who reside in other states, navigate the paper filing requirement without issue. Rios does not identify any compelling reason why she is different, and merely describes the lack of e-filing access as a "systemic procedural barrier[]." *See id.* at 2.

Beyond essentially claiming that they contributed to her general level of stress while "preparing [her] complaint," Rios offers no explanation for how the "predatory financial threats" from a homeowners association warrants relief under any of Rule 60(b)'s subsections. *See id.* at 8. Further, any persuasiveness of this claim is undermined by its absence from the motion to accept the untimely complaint. *See generally* Mot. to Accept.

Rios's argument that the defendant committed fraud and that she has newly discovered evidence are the same because the purportedly new evidence is all information that she claims that the defendant wrongfully kept from her. *See, e.g.*, Mot. for Relief at 13–17. Rios's contention fails because she admits the "newly discovered" evidence that was "concealed" was provided to her in June 2024 as part of the defendant's exhibits for a hearing in a separate proceeding. *See, e.g.*, *id.* at 11, 16. When the judge in that proceeding declined "a continuance or redaction of [Rios's] name," Rios refused to attend the hearing. *See id.* at 5. Rios apparently did not review the information in the filings until after July 2025. *See id* at 16.

Regardless of whether Rios's claim that the evidence should have been turned over to her earlier in the previous proceeding is correct, *see id.* at 17, that has no bearing on the judgment that she seeks relief from now. Nothing prevented Rios from reviewing the information provided to her in June 2024. She elected to wait to review, but that is not concealment of evidence. Further, her case was not dismissed until late October 2025. Even had the defendant concealed evidence until July 2025, that would still not be grounds for relief from a dismissal for failure to timely file in October because there would be no "newly discovered evidence" under Rule 60(b)(2) and the defendant's conduct did not prevent Rios "from fully and fairly presenting [her] case" as required under Rule 60(b)(3). *See Cox Nuclear*, 478 F.3d at 1314. Lastly, Rios did not include this argument in her motion to accept her untimely complaint, which one would expect if it were truly a cause of an untimely filing. *See generally* Mot. to Accept.

Rios argues that her caregiving responsibilities for her mother precluded her timely filing and that this is excusable neglect or warrants relief under Rule 60(b)(6). *See* Mot. for Relief at 6–7, 20. In particular, Rios claims that she was "physically incapacitated and unable to safely deliver documents due to acute exhaustion and illness directly resulting from sole caregiving responsibilities." *Id.* at 25. In May 2025, Rios "assumed full-time, round-the-clock care responsibilities." *Id.* at 24. This situation was exacerbated in

6

September 2025 when the agency that had provided caregivers "ceased sending [them] entirely." *Id.* As difficult as Rios's situation with her mother may be, Rios does not persuasively explain how these caregiving responsibilities that began in May 2025 equate to excusable neglect for her inability to file her second amended complaint by October 21, 2025, despite a clear warning from the Court on September 18, 2025, that Rios must do so. *See* (Doc. 19). Rios's conclusory contention that this "caregiving crisis physically incapacitated" her and made "timely mailing impossible" is unpersuasive and insufficient. *See* Mot. for Relief at 8.

Although Rios included caregiving for her mother in her argument for accepting her untimely complaint, she did not contend that she was physically incapacitated or "unable to safely deliver documents due to acute exhaustion and illness." *Compare id.* at 25, *with* Mot. to Accept at 1–2. Instead, Rios merely noted that the caregiving duties "created significant stress and logistical hardship," and admitted that she was late because she was unaware of the Court's hours. *See* Mot. to Accept at 1.

At bottom, Rios's arguments related to her caregiving duties do not match her previous representations and they are supported only by "vague and conclusory allegations . . . [that] are insufficient to warrant relief under Rule 60(b)." *Woods v. Sec'y, Dep't of Corr.*, No. 8:13-CV-728-T-30TGW, 2014 WL 1292864, at *2 (M.D. Fla. Mar. 28, 2014) (citing *United States v. Reyes*, 307

7

F.3d 451, 456–57 (6th Cir. 2002)). They also fail to amount to "a showing of exceptional circumstances." *Griffin*, 722 F.2d at 680.

Rios fails to explain any grounds for vacating the judgment and reopening the case under Rule 60(b)(1), (2), (3), or (6).

Accordingly, Rios's Motion for Relief from Judgment (Doc. 27) is **DENIED.**

**ORDERED** in Tampa, Florida, on February 4, 2026.

Kathryn Kimball Mizelle
United States District Judge

8